**In re H & R BLOCK MORTGAGE CORP. PRESCREENING LITIGATION**

**Pamela Phillips v. H & R Block, Inc., et al., C.D. California, C.A. No. 8:05-851**

**Perrie Bonner v. H & R Block Mortgage Corp., N.D. Indiana, C.A. No. 2:05-162**

**Eugene Wojtczak v. H & R Block Mortgage Corp., E.D. Wisconsin, C.A. No. 2:05-851**

**No. MDL 1767.**

Judicial Panel on Multidistrict Litigation.

June 20, 2006.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation currently consists of three actions pending, respectively, in the Central District of California, the Northern District of Indiana, and the Eastern District of Wisconsin. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendant H & R Block Mortgage Corp. (HRBMC)[1] for coordinated or consolidated pretrial proceedings of these actions in the Central District of California. Plaintiff in the Central District of California action states that the Central District of California would be an appropriate transferee district, to the extent the Panel deems centralization proper. Plaintiffs in the other two actions oppose centralization, but alternatively prefer transfer to the Northern District of Indiana.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Indiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in the Northern District of Indiana action and the Eastern District of Wisconsin action bring claims on behalf of, respectively, a putative class of Indiana and Wisconsin residents; these classes overlap with the putative nationwide class that the California plaintiff seeks to represent. All actions allege that HRBMC violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, by using consumer reports for purposes of mailing prescreened offers of credit for home loans to plaintiffs and potential class members. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Objecting plaintiffs assert that transfer under Section 1407 is not necessary because the actions do not present any complex issues of fact; plaintiffs further argue

---

1. This motion also included H & R Block, Inc., and Option One Mortgage Corp. These two defendants were named only in the Central District of California action and have since been dismissed from that action.

that voluntary measures, such as an agreement among plaintiffs to share the discovery produced by defendants, would be a viable alternative for this litigation to Section 1407 centralization. We disagree. The three actions contain competing class allegations and involve facts of sufficient intricacy that could spawn challenging procedural questions and pose the risk of inconsistent and/or conflicting judgments. While we applaud every cooperative effort undertaken by parties to any litigation, transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (Jud. Pan.Mult.Lit.1976); and 2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary.

We are persuaded that the Northern District of Indiana is an appropriate transferee forum for this docket. The action in the Northern District of Indiana, which is proceeding well, has been pending months longer than those filed elsewhere, and the district has the support, in the alternative, of the plaintiffs in two of the three actions presently before the Panel. Moreover, the judge to whom we are assigning this litigation is an experienced jurist with favorable caseload conditions and the ability to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Northern District of Indiana are transferred to the Northern District of Indiana and, with the consent of that court, assigned to the Honorable

Rudy J. Lozano for coordinated or consolidated pretrial proceedings with the action pending in that district.